1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   UMG RECORDINGS, INC.; SONY BMG
7  MUSIC ENTERTAINMENT; VIRGIN
   RECORDS AMERICA, INC.; ATLANTIC
8  RECORDING CORPORATION;
   INTERSCOPE RECORDS; ELEKTRA
9  ENTERTAINMENT GROUP INC.; and
10 WARNER BROS. RECORDS INC.

11             UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
12

13

14 UMG RECORDINGS, INC., a Delaware          CASE NO. C 07-3091VRW
   corporation; SONY BMG MUSIC
15 ENTERTAINMENT, a Delaware general         ***EX PARTE* APPLICATION FOR LEAVE**
   partnership; VIRGIN RECORDS AMERICA,      **TO TAKE IMMEDIATE DISCOVERY**
16 INC., a California corporation; ATLANTIC
17 RECORDING CORPORATION, a Delaware
   corporation; INTERSCOPE RECORDS, a
18 California general partnership; ELEKTRA
19 ENTERTAINMENT GROUP INC., a Delaware
   corporation; and WARNER BROS. RECORDS
20 INC., a Delaware corporation,
                    Plaintiffs,
21
22      v.

23 JOHN DOE,
                    Defendant.
24

25

26

27

28

Ex Parte Application for Leave to Take Immediate Discovery
Case No. C 07-3091VRW
#30465 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.

2. As alleged in the complaint, the Defendant John Doe, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true names of Defendants John Doe, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: June 13, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs